# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

SUSAN GRAHAM, aka SUSAN : 
JOINER, and TODD JOINER, :
:
      Plaintiffs, :
: CIVIL ACTION NO.
v. : 2:11-CV-00253-RWS
:
MORTGAGE ELECTRONIC :
REGISTRATION SYSTEMS, :
INC., ET AL., :
:
      Defendants. :

## **ORDER**

This case comes before the court on Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [2] and Defendants' Motion to Dismiss [5]. After a review of the record, the Court enters the following Order.

## **Background**

On April 26, 2005, Plaintiffs Susan Graham, aka Susan Joiner, and Todd Joiner entered into a loan transaction with Homequest Capital Funding ("Homequest") for the purchase of property located at 463 Summer Hill Drive, Hoschton, Georgia 30548 ("Property") (the "Loan"). (Defs.' Mot. to Dismiss, Dkt. No. [5-1] at 2.) In consideration for the Loan, Plaintiffs executed a

promissory note (the "Note") in favor of Homequest and a security deed (the "Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). (Id.) On April 23, 2009, MERS, as nominee for Homequest, assigned its interest in the Note and the Deed to Bank of America.[1] (Id. at 3.) Bank of America contracted with EMC Mortgage LLC ("EMC") to service the Loan on its behalf. (Id.) Upon Plaintiffs' default, Defendants initiated foreclosure proceedings. (Id.)

On July 28, 2011, Plaintiffs–acting *pro se*–filed a "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunctive and Declaratory Relief and to Stay Foreclosure" (the "Complaint"), alleging various causes of action arising out of Defendants' initiation of foreclosure proceedings. (Dkt. No. [1-1].) On September 21, 2011, Defendants filed the present motion to dismiss the Complaint on grounds that it is an impermissible shotgun pleading that fails to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Dkt. No. [5-1].)

---

[1] "Bank of America" refers to Bank of America, N.A. as successor by merger to LaSalle Bank, N.A., as trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2005-HE8.

2

Plaintiffs did not file a response, and thus Defendants' motion is deemed unopposed.

Although the Complaint is difficult to decipher, it appears–as Defendants surmise–that Plaintiffs allege the following causes of action: "(1) fraud; (2) that Defendants are required to prove their authority to foreclose under both the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"); and (3) that Defendants lack authority to foreclose" on Plaintiffs' property. (Id. at 3.) Because Plaintiffs do not oppose the motion to dismiss, which identifies the above as the only claims raised in the Complaint, the Court proceeds on the basis that the claims listed above are indeed the only claims asserted in the Complaint.

## Discussion

**I. Motion to Dismiss**

### A. Shotgun Pleading

Defendants argue that the Complaint constitutes an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted. The typical shotgun pleading is one that "contains several counts,

3

each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted). The Eleventh Circuit thus has established that shotgun pleading is an unacceptable form of establishing a claim for relief. Strategic Income Fund, 305 F.3d at 1296.

In this case, the Court agrees with Defendants that the Complaint is a shotgun pleading that could be dismissed for failing to meet the pleading

4

requirements of Rules 8(a)[2] and 9(b)[3] of the Federal Rules of Civil Procedure. Because Plaintiffs have not sufficiently alleged which facts, if any, support their various claims for relief, and allege instead primarily legal conclusions, it is difficult for Defendants meaningfully to respond to Plaintiffs' assertions. Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity. Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). In light of Plaintiffs' *pro se* status, however, the Court will consider the merits of the Complaint rather than dismiss it and require Plaintiffs to replead.

### B. Legal Standard for 12(b)(6) Motion

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.

---

[2] Rule 8(a) states, "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

[3] Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

5

2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiffs are acting *pro se*, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). The Court considers, in turn, each of the claims raised in the Complaint.

*1. Fraud*

Plaintiffs allege without any factual support that certain documentation regarding the Loan at issue is "fraudulent upon its face . . . as evidenced by side to side comparison to the original loan documentation and Security Deed recorded 4 years prior to the transfer of servicing." (Compl., Dkt. No. [1-1] ¶ 4.) Plaintiffs further allege, again without factual support, that "Defendant(s) knowingly, willingly, and wantonly acted in bad faith and with blatant disregard of Plaintiff's [sic] property Rights [sic], Federal Law and Georgia Statutes in an

7

attempt to perpetrate a fraud, and wrongfully foreclose upon subject real property." (Id. ¶ 9.)

To comply with the Rule 9(b) requirement that fraud be pled "with particularity," Plaintiffs must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). That is, to avoid dismissal, a complaint alleging fraud must plead the "who, what, when, where and how" of the alleged fraud. Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).

In this case, the Court agrees with Defendants that Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b). Plaintiffs have not alleged sufficient facts establishing the "who, what, when, where and how" of Defendants' alleged fraud but rely primarily on legal conclusions. Accordingly,

8

any and all claims for fraud are hereby **DISMISSED** for failure to comply with Rule 9(b).

### 2. *Claim That Defendants Must Prove Authority to Foreclose*

#### i. *Georgia Law*

Plaintiffs' Complaint appears to allege that Defendants lack standing to foreclose on the Property if they do not possess the "Original Promissory Note." (See generally Dkt. No. [1-1].) Throughout the Complaint, Plaintiffs assert that they are entitled to "validation" and "evidence" of the Loan, ultimately seeking "Production of the Original Promissory Note." (Id. ¶¶ 5, 12, 15, Prayer for Relief § (b).)

This "produce the note" theory, however, is not available under Georgia law, as Georgia law does not require a lender to produce the original note, even when the lender is taking affirmative action such as commencing foreclosure proceedings. See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note"); Hill v. Saxon Mortgage Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009)

9

(rejecting plaintiff's demand that the lender produce the original promissory note). Accordingly, any and all state law claims arising out of Defendants' alleged failure to produce the original promissory note hereby are **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### ii. RESPA

Plaintiffs also allege that Defendants are liable under RESPA, 12 U.S.C. § 2605, for failure to respond adequately to correspondence that they contend constitutes a Qualified Written Request ("QWR") for information regarding their loan. (Compl., Dkt. No. [1-1].) Under RESPA, a QWR is defined as a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of [a federally related mortgage] loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must "include[] a statement of the reasons . . . that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). Section 2605(e) of RESPA requires a loan servicer to provide a written response to a borrower's QWR within 20 days and take any necessary action within 60 days. 12 U.S.C. §§ 2605(e). Accordingly, in order

10

to state a claim for violation of RESPA, 12 U.S.C. § 2605(e), a plaintiff must allege facts showing that: "(1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period of 20 days or 60 days, and (4) the plaintiff is entitled to actual or statutory damages." Jones v. Vericrest Fin., Inc., No. 1:11-CV-1171-TWT-CCH, 2011 WL 7025915, at *15 (N.D. Ga. Dec. 7, 2011) (construing 12 U.S.C. § 2605).

Here, assuming Plaintiffs' correspondence constitutes a valid QWR, Plaintiffs have nonetheless failed to allege sufficient facts to state a claim under RESPA. In particular, Plaintiffs have failed to explain how the response to their QWR was inadequate under RESPA–relying instead on conclusory allegations of fraud. Further, Plaintiffs have failed to allege either (1) actual damages from Defendants' inadequate response or (2) a pattern or practice of noncompliance with RESPA section 2605 so as to be entitled to statutory damages under section 2605(f). See 12 U.S.C. § 2605(f); Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) ("[A]n allegation [of damages] is a necessary element of any claim under § 2605."); Habib v. Bank of America Corp., No. 1:10-CV-04079-SCJ-RGV, 2011 WL 2580971, at *4 (N.D. Ga. Mar. 15, 2011)

11

("In the absence of any alleged causal link between the claimed damages and [defendant]'s alleged RESPA violation, plaintiff has failed to state a RESPA claim."). Accordingly, Plaintiffs' RESPA claim is **DISMISSED**.

### *iii. FDCPA*

Plaintiffs also appear to seek production or "verification" of the Loan through the "Validation of Debts" provision of the FDCPA, 15 U.S.C. § 1692g. (Compl., Dkt. No. [1-1] ¶ 13.) The FDCPA was intended by Congress to eliminate abusive debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692, *et seq*. To state a claim under this provision, a plaintiff must allege: (1) he has been subject to collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) "the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (quoting Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 300060, at *2 (D.N.H. Feb. 9, 2005)).

AO 72A
(Rev.8/82)

The Court agrees with Defendants that Plaintiffs have failed to plead any facts in support of this claim. Furthermore, such a claim must fail as a matter of law because the term "debt collector" does not include mortgage originators or servicers, but only persons "in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due *another*." Id. § 1692a(6) (emphasis added); see also Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (holding that a creditor and mortgage servicer "were not debt collectors because they were attempting to collect their own debt"). Thus, any and all claims under the FDCPA are hereby **DISMISSED** pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

*3. Claim That Defendants Lack Authority to Foreclose*

Finally, Plaintiffs allege that Defendants "[do] not have legal standing to institute or maintain a foreclosure of the Property." (Compl., Dkt. No. [1-1] ¶ 17.) Plaintiffs base this claim on several grounds: (1) that Defendants' attempt to foreclose on the Property is in violation of O.C.G.A. § 44-16-162(b) (id. ¶¶

13

5-8); (2) that there was defective assignment of the Deed (id. ¶ 24); and (3) that EMC does not possess the Note (id. ¶ 25).

O.C.G.A. § 44-16-162(b) states, "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed *prior to the time of sale . . . .*" (emphasis added). Because Defendants have not yet foreclosed on the Property, Plaintiffs' claim for violation of section 44-16-162(b) is without merit. See Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010) (dismissing a claim for violation of O.C.G.A. § 44-14-162(b) where the defendants had not yet proceeded with foreclosure of the subject property). Additionally, Jackson County real property records evidence proper assignment of all interest in the Note and Deed from MERS to Bank of America, in compliance with O.C.G.A. § 44-16-162(b). (Defs.' Mot. to Dismiss Ex. B, Dkt. No. [5-3] at 2.) See also O.C.G.A. § 44-14-64 (authorizing transfer of security deeds by way of assignment in Georgia).

Relevant to all three claims is that under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." Gordon v. S.

14

Cent. Farm Credit, ACA, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994). Further, in Georgia, a loan servicer may act on behalf of the holder of a security deed. See Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) (holding that a loan servicer has standing to conduct the legal affairs of the investor relating to the debt that it services); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *3-4 (N.D. Ga. Jan 18, 2011) (finding that Georgia law does not preclude loan servicer from instituting foreclosure proceedings).

Here, the plain language of the Deed expressly "grant[s] and convey[s] to MERS (solely as nominee for [Homequest] and [Homequest's] successors and assigns) and to the successors and assigns of MERS, with power of sale, the [Property]." (Defs.' Mot. to Dismiss Ex. A, Dkt. No. [5-2] at 3.) As stated above, MERS properly assigned its interest in the Note and Deed to Bank of America. Thus, as holder of the Deed, Bank of America–through its loan servicer EMC–has authority to initiate foreclosure proceedings on the Property upon Plaintiffs' default. Accordingly, Plaintiffs' claims regarding Defendants' lack of interest in the property are **DISMISSED**.

AO 72A
(Rev.8/82)

## II. Motion for Temporary Restraining Order and/or Preliminary Injunction

In order to be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson County, 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)). The standard for a preliminary injunction also applies to a request for a temporary restraining order. Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

In light of the Court's ruling in Part I of this Order, Plaintiffs cannot show a likelihood of success on the merits of any of their claims. Accordingly,

16

Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**.

### **Conclusion**

For the aforementioned reasons, Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**. Defendants' Motion to Dismiss [5] is **GRANTED**. The Clerk's Office is directed to close the case.

**SO ORDERED**, this  17th  day of February, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)